J-S14034-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| EUROOPTICS, LTD. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSHUA BOHANON AND VOLUME | : | |
| DRIVE, INC., AND QUADIX, LLC | : | |
| | : | No. 1336 MDA 2020 |
| Appellants | : | |

Appeal from the Judgment Entered September 10, 2020
In the Court of Common Pleas of Lycoming County Civil Division at
No(s):  17-0168

BEFORE:  BOWES, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JUNE 15, 2021**

Joshua Bohanon ("Bohanon") and Volume Drive, Inc. ("Volume Drive"), and Quadix, LLC ("Quadix") (collectively, "Defendants"), appeal from the September 10, 2020, Judgment (the "Contempt Judgment") entered against them pursuant to the trial court's February 12, 2020, Order of Contempt (the "Contempt Order").  Eurooptics has filed a Motion to Dismiss the appeal.  We deny Eurooptics's Motion but dismiss the appeal for lack of standing.

Eurooptics filed a breach of contract action against Defendants on February 8, 2017.  After reinstating the Complaint multiple times, Eurooptics filed a Motion for Alternate Service of the Complaint.  After argument, the trial court granted the Motion.  Service was effectuated by certified and first-class mail.  Defendants filed no Response to the Complaint.  On November 2, 2018, Eurooptics obtained a default Judgment against Defendants.  Defendants filed

a Petition to strike/open the default judgment, which the trial court subsequently denied.

Eurooptics commenced discovery in aid of execution on its Judgment against Defendants. During a deposition, Bohanon indicated that he lacked knowledge of the business operations and assets of Volume Drive and Quadix. However, Bohanon stated that his father, Hansford Bohanon ("Mr. Bohanon"), was the businesses' owner.

The trial court described what next transpired as follows:

[Eurooptics] thereafter subpoenaed Mr. Bohanon to appear at the deposition to be held in Williamsport, Pennsylvania, on October 14, 2019. Several days prior to the scheduled deposition, Mr. Bohanon telephoned [Eurooptics's] counsel, William Carlucci, Esquire ("Attorney Carlucci"), and informed Attorney Carlucci that he had a medical condition that prevented him from traveling from his then-current location in Wilkes-Barre, Pennsylvania. Attorney Carlucci advised Mr. Bohanon that the deposition could be rescheduled at a date, time, and location of Mr. Bohanon's choosing. Attorney Carlucci sent a follow-up letter by overnight delivery, requesting that Mr. Bohanon contact him to reschedule the deposition. However, Mr. Bohanon did not contact Attorney Carlucci and failed to appear for the scheduled deposition on October 14, 2019, prompting [Eurooptics] to file the Motion to Compel.

Following argument on the Motion to Compel, the [trial court] determined that Mr. Bohanon's medical condition was not so severe as to prevent him from participating in a deposition[,] so long as the deposition was held in proximity to Mr. Bohanon's residence. Therefore, by Order dated January 6, 2020, the [trial court] directed Mr. Bohanon to contact Attorney Carlucci within ten (10) days in order to schedule a deposition to take place within thirty (30) days. Mr. Bohanon was to choose the date, time, and location of the deposition. On January 24, 2020, [Eurooptics] filed a Motion for Contempt, which alleged that Mr. Bohanon had failed to contact Attorney Carlucci in order to schedule the deposition. The [trial court] scheduled argument on the Motion for Contempt

on February 10, 2020.  On the date scheduled for the argument, the [trial court] received a facsimile[,] not from Mr. Bohanon's counsel, Joe Mashinski, Esquire [("Attorney Mashinski")], but from Defendants' counsel, Andrew Katsock, III, Esquire [("Attorney Katsock")], which included a letter from Doctor William Oh [("Dr. Oh")] of Mt. Sinai Hospital in New York City.  The letter stated that Mr. Bohanon was under Dr. Oh's treatment for prostate cancer and, due to the severity of the treatment, would not be able to sit for a deposition "under any circumstance."  However, neither Mr. Bohanon, Attorney Mashinski, nor Attorney Katsock appeared for the hearing on the Motion for Contempt, nor was Dr. Oh made available to testify.

Finding that Mr. Bohanon had failed to make reasonable efforts to communicate with Attorney Carlucci and had not made any effort to cooperate in the scheduling of a deposition at any location, the [trial court] issued an Order of Contempt on February 11, 2020.[1]  The [trial court] directed Mr. Bohanon to contact Attorney Carlucci within ten (10) days of service of the Order of Contempt, and imposed a fine of $100 for each day that Mr. Bohanon delayed in doing so.

Defendants filed a Notice of Appeal from this Order of Contempt on March 12, 2020.  On March 23, 2020, the [trial court] issued its Pa.R.A.P. 1925(b) Order, and Defendants filed a Concise Statement of Errors Complained of on appeal on April 13, 2020. The [trial court] thereafter filed its Pa.R.A.P. 1925(a) Order on April 23, 2020.  While the appeal remained pending, on May 4, 2020, [Eurooptics] filed a Petition for Entry of Judgment of Contempt against [Mr.] Bohanon, asserting that Defendants' appeal was merely a dilatory tactic.  By Order issued [on] May 20, 2020, the [trial court] provided that it would not take action on the Petition while the appeal remained pending.

However, the Superior Court was never able to address the merits of the appeal.  Instead, by [an] Order issued [on] September 8, 2020, the Superior Court dismissed the appeal for

---

[1] Although the Contempt Order is dated February 11, 2020, it was filed on February 12, 2020.

Defendants' failure to file an ordered brief,[2] and the record was thereafter remitted to [the trial court]. [Eurooptics] again filed a Petition for Entry of Judgment of Contempt against [Mr.] Bohanon on September 9, 2020. The [trial court] summarily granted this Petition by [the Contempt Judgment] issued [on] September 10, 2020, holding that a fine of $100 a day would apply against Mr. Bohanon beginning on February 28, 2020[,] and continuing until Mr. Bohanon complied with the [trial court's] directives, purging himself of the contempt. On October 9, 2020, Defendants filed a Notice of Appeal from the September 10, 2020[,] Order of Judgment.

Trial Court Opinion, 11/23/20, at 2-4 (footnotes added). Thereafter, Defendants filed a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Eurooptics has filed a Motion to Dismiss the Appeal. In its Motion, Eurooptics claims that Defendants' appeal is an untimely challenge to the trial court's February 12, 2020, Contempt Order. Motion to Dismiss, 11/30/20, at ¶ 18. Eurooptics claims that Defendants raise the same issues challenging the February 12, 2020, Contempt Order as those raised in its prior, dismissed appeal, filed at Superior Court Docket No. 463 MDA 2020. *Id.*

In addressing the Motion to Dismiss, we first must determine whether the February 12, 2020, Contempt Order was immediately appealable. Generally, an order finding a party in contempt is interlocutory and unappealable unless the order also imposes sanctions. *Foulk v. Foulk*, 789 A.2d 254, 257 (Pa. Super. 2001) (*en banc*). One frequently-litigated issue in

---

[2] *See Eurooptics Ltd. v. Bohanon*, No. 463 MDA 2020 (Pa. Super. filed September 8, 2020) (order).

this area involves conditional sanction orders. In **Foulk**, this Court explained that, "for a contempt order to be properly appealable, it is only necessary that the order impose sanctions on the alleged contemnor, and that no further court order be required before the sanctions take effect." **Id.** at 258; **accord Wolanin v. Hashagen**, 829 A.2d 331, 332-33 (Pa. Super. 2003).

Our review discloses that the Contempt Order filed on February 12, 2020, finding Mr. Bohanon in contempt, stated the following:

> [The trial court], therefore, finds Mr. [] Bohanon in contempt, and ORDERS Mr. Bohanon to contact Attorney Carlucci within ten (10) days of the date of service of this Order to arrange to appear for a deposition at a reasonable location of his choosing, or otherwise provide Attorney Carlucci, without delay, the information to which he is entitled by way of written discovery.
>
> **Should Mr. Bohanon fail to contact Attorney Carlucci within 10 days of the date of serve [*sic*] of this Order, he shall pay a fine of $100 for each day that he delays in doing so.**

Contempt Order, 2/11/20, at 2 (footnotes omitted, emphasis added).

Although the February 12, 2020, Contempt Order found Mr. Bohanon in contempt, the trial court's sanction had not yet taken effect. Further findings and court action were necessary by the trial court to impose the threatened sanctions. On September 10, 2020, the trial court made the requisite findings and imposed sanctions that required no further action by the court in its Contempt Judgment. In the Contempt Judgment, the trial court found Mr. Bohanon in contempt of the February 12, 2020, Order, and imposed a $100 per day sanction on Mr. Bohanon beginning on February 28, 2020. Contempt

Judgment, 9/10/20, at 2. Thus, "no further court order" was required before the sanctions took effect. *See Foulk*, 789 A.2d at 258. Because the February 12, 2020, Contempt Order was not immediately appealable, we deny Eurooptics's Motion to Dismiss.

Defendants present the following claims for our review:

[1.] Whether the trial court committed a plain abuse of discretion in its Court Order of dated [*sic*] September 6, 2020, in entering a [Contempt J]udgment of a civil fine and finding Mr. [] Bohanon in contempt of court?

[2.] Whether the findings of fact of the trial court were supported by substantial evidence?

Brief for Appellants at 4.

Both of the claims, raised by Defendants, challenge the entry of the Contempt Judgment entered **against Mr. Bohanon**. In its appellate brief, Eurooptics argues that Defendants, who are not aggrieved by the Contempt Judgment, lack standing to bring this appeal. Brief for Appellee at 10. We agree.

"Threshold issues of standing are questions of law; thus, our standard of review is *de novo* and our scope of review is plenary." **In re: Rosemary C. Ford Inter Vivos QTIP Trust**, 176 A.3d 992, 999 (Pa. Super. 2017) (citation omitted).

Under Pa.R.A.P. 501, "[o]nly an aggrieved party can appeal from an order entered by a lower court." **Commonwealth v. Polo,** 759 A.2d 372, 373 n.1 (Pa. 2000). This Court has consistently held that for purposes of Rule

501, "[a] party is 'aggrieved' when the party has been adversely affected by the decision from which the appeal is taken." ***Ratti v. Wheeling Pittsburgh Steel Corp.***, 758 A.2d 695, 700 (Pa. Super. 2000).

Our review of the record discloses that the trial court entered its Contempt Judgment against Mr. Bohanon, personally, and not against any of the Defendants. Contempt Judgment, 9/10/20, at 2. Notwithstanding, Defendants' counsel, Attorney Katsock, filed a Notice of Appeal naming the following appellants: Bohanon, Volume Drive and Quadix. ***See*** Notice of Appeal, 10/9/20. Mr. Bohanon is not named as an appellant in the Notice of Appeal. ***See id.*** Our review further discloses that Mr. Bohanon's counsel, Attorney Mashinski, did not file a notice of appeal on behalf of Mr. Bohanon, and Mr. Bohanon filed no separate notice of appeal on his own behalf.[3]

Although Defendants timely filed a Notice of Appeal, they were not aggrieved by the Contempt Judgment entered solely against Mr. Bohanon. As such, they lack standing to bring this appeal of the Contempt Judgment. ***See*** Pa.R.A.P. 501 (providing that any party who is "aggrieved by an appealable order" may file an appeal); ***Polo***, ***supra***.

---

[3] It appears that Defendants became aware of this deficiency prior to filing their Pa.R.A.P. 1925(b) Concise Statement, as Mr. Bohanon is named on that filing. The Concise Statement, however, was filed more than 30 days after entry of the Contempt Judgment. The inclusion of Mr. Bohanon's name on the Concise Statement does not remedy Mr. Bohanon's failure to timely file a notice of appeal. ***See*** Pa.R.A.P. 903(a) (providing that an appeal shall be filed within 30 days after entry of the order from which the appeal is taken).

Finally, we note that Eurooptics filed an Application for a Bill of Costs. Although we deny the Application, we do so without prejudice to Eurooptics's ability to raise this issue before the trial court.

Motion to Dismiss appeal denied.  Application denied.  Appeal dismissed.

Judge Dubow joins the memorandum.

Judge Bowes concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/15/2021